UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| DEREK ELLIOTT TICE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Case No.  3:08cv69 (RLW) |
| ) | |
| GENE M. JOHNSON, ) | |
| DIRECTOR OF VIRGINIA ) | |
| DEPARTMENT OF CORRECTIONS, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF PETITIONER'S
MOTION TO STRIKE RESPONDENT'S ADMITTED
<u>FALSE ALLEGATION OF MATERIAL FACT</u>**

Petitioner, Derek E. Tice ("Mr. Tice"), through undersigned counsel, hereby moves, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, for this Court to strike Paragraph 41 from Respondent's Brief in Support of Motion to Dismiss and Rule 5 Answer filed in the above-captioned case, which contains an admittedly false allegation of a material fact.  On January 28, 2008, Mr. Tice filed with this Court a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2254, asserting three separate and independent claims on which he is entitled to federal habeas corpus relief.  Respondent Director Gene M. Johnson ("Director") filed a Motion to Dismiss and Rule 5 Answer (Docket No. 10) on March 31, 2008. In paragraph 41 of the memorandum in support of his motion and answer ("Director's Brief") (Docket No. 11), the Director misstates a material fact that is well-established by the record and has been repeatedly acknowledged by the Director.

Rule 12 of the Federal Rules of Civil Procedure provides, in relevant part, that on its own or by motion of a party, "the court may strike from a pleading an insufficient defense or

any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); see also Int'l Longshoremen's Ass'n, Steamship Clerks Local 1624 v. Va. Int'l Terminals, Inc., 904 F. Supp. 500, 504 (E.D. Va. 1995).  Courts have exercised their discretion to grant motions to strike involving false statements, just as the record has shown to be the case with respect to the Director's allegation at issue here.  See, e.g., Aftergood v. CIA, 355 F. Supp. 2d 557, 564-66 (D.D.C. 2005) (explaining that false statements may be excised through a motion to strike); Totalplan Corp. of Am. v. Lure Camera Ltd., 613 F. Supp. 451, 461 (W.D.N.Y. 1985) (granting motion to strike where statements were shown by the record to be false).

        As discussed in more detail in Petitioner's Memorandum in Opposition and Response to Respondent's Motion to Dismiss and Rule 5 Answer, which is being filed simultaneously herewith and is incorporated herein by reference, the Director incorrectly describes the timing of the plea agreement of Omar Ballard, the actual perpetrator of the crime (and the only DNA match to the DNA found at the crime scene) for which Mr. Tice has been wrongfully convicted and that is the subject of Mr. Tice's Petition.  Specifically, the Director alleges – without any supporting citation for his allegation – that *after* Ballard pled guilty, he told police that Mr. Tice and three other men the Commonwealth had already convicted committed the crime with him.  Director's Br. ¶ 41.  This allegation is patently false.  As the Director twice stipulated during Mr. Tice's state habeas proceeding, the one and only time in which Ballard implicated Mr. Tice (or anyone else, for that matter) in the crime was a week before Ballard was allowed to plead guilty.  See Stipulations of Fact of Pet'r and Resp't (attached as Exhibit A) ¶ 2; Tice v. Johnson, Sept. 12, 2006 Hr'g Tr. (hereinafter "9/12/06 Hr'g Tr.") (excerpts attached as Exhibit B) at 342.  1/

---

1/    All attached exhibits are excerpts of the record in Mr. Tice's state habeas proceeding.

The Director's misstatement of fact is material to Mr. Tice's Petition because Ballard has otherwise always maintained that he committed this crime alone, including in two earlier confessions made to police, and while testifying under oath at Mr. Tice's state habeas hearing.  See Mar. 4, 1999 and Mar. 11, 1999 Statements of Omar Ballard (attached as Exhibit C); Tice v. Johnson, Sept. 11, 2006 Hr'g Tr. ("hereinafter 9/11/06 Hr'g Tr.") (excerpts attached as Exhibit D) at 42-43, 46-47.  Ballard made the single, brief statement in which he implicated Mr. Tice and the other three men, in order to secure a plea deal offered to him by the Commonwealth that would spare him the death penalty.  9/11/06 Hr'g Tr. (Ex. D) at 49-52.  Thus, Ballard's insistence that he acted alone changed only when the Commonwealth gave him a reason to lie, which Ballard confirmed at Mr. Tice's state habeas hearing.  See id. at 51.

The Director's misstatement of such an important and well-established fact is particularly egregious given that the Director already made this same "mistake" in his opening brief to the Virginia Supreme Court (in appealing the Virginia Circuit Court's grant of Mr. Tice's state habeas petition), see Director's Appellant Br. (July 18, 2007) (excerpt attached as Exhibit E) at 11-12, and was forced to correct himself in his reply brief after Mr. Tice identified the error in his opposition brief.  See Appellee Br. (Aug. 13, 2007) (excerpt attached as Exhibit F) at 9 n.6.  To make the same "mistake" yet again in his brief to this Court is at best reckless, and indeed raises serious questions regarding whether the Director's repeated misstatement of this material fact is intentional.  Thus, to ensure that Mr. Tice is not prejudiced by the Director's misstatement of fact, the Court should strike the admitted false allegation from the Director's pleading.

## **CONCLUSION**

For the foregoing reasons, Mr. Tice respectfully requests that the Court grant Mr. Tice's motion, strike Paragraph 41 from Respondent's Brief in Support of Motion to Dismiss and Rule 5 Answer, and impose such other relief as the Court deems just and proper.

Respectfully submitted,

By: _____/s/_____
    HOGAN & HARTSON L.L.P.
    Audrey J. Anderson
    E. Desmond Hogan
    Melissa N. Henke (Va Bar No. 68240)
    555 13th Street NW
    Washington, DC  20004
    Telephone: (202) 637-5600
    Facsimile:  (202) 637-5910
    E-mail:  MNHenke@hhlaw.com

April 30, 2008                Attorneys for Petitioner Derek E. Tice

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of April, 2008, I will electronically file the foregoing Petitioner's Memorandum in Support of Petitioner's Motion to Strike Respondent's Admitted False Allegation of Material Fact with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for Respondent Director Gene M. Johnson as follows:

Stephen R. McCullough, Esq.<br>
Deputy State Solicitor General<br>
Office of the Attorney General<br>
900 East Main Street<br>
Richmond, VA 23219<br>
Telephone:  (804) 786-2436<br>
Facsimile:  (804) 786-1991<br>
E-mail:  SMcCullough@oag.state.va.us

_____/s/_____
Melissa N. Henke, Esq.
Virginia State Bar No. 68240
Attorney for Petitioner Derek E. Tice
Hogan & Hartson, LLP
555 13th Street, NW
Washington, DC 20004
Telephone:  (202) 637-5600
Facsimile:  (202) 637-5910
E-mail:  MNHenke@hhlaw.com