IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DEREK ELLIOTT TICE,**

    *Petitioner,*

v.                        CIVIL ACTION NO. 3:08cv69

**GENE M. JOHNSON,**
Director of Virginia
Department of Corrections,

    *Respondent.*

### RESPONSE TO PETITIONER'S MOTION TO STRIKE RESPONDENT'S ADMITTED FALSE ALLEGATION OF MATERIAL FACT

The Respondent, Gene M. Johnson, Director of Virginia Department of Corrections, by counsel, in response to the PETITIONER'S MOTION TO STRIKE RESPONDENT'S ADMITTED FALSE ALLEGATIONS OF MATERIAL FACT, states as follows:

1. In paragraph 41 of the RESPONDENT'S BRIEF IN SUPPORT OF THE MOTION TO DISMISS, the respondent stated that:

    41. After he pled guilty, as part of a pre-sentencing debriefing, Ballard told police that he met Williams, Dick, Wilson and Tice in the parking lot. He said he knew Williams because he had seen him in Michelle's apartment. In the parking lot, the four men told Ballard they had tried to get into her apartment but she would not let them in. Ballard told them, correctly, that Michelle knew him and would open the door for him. When she opened the door, they all rushed in. They took turns raping her and then they stabbed her. He said the others had not told on him because he told them

that he would come back and get them. He "stated that he had not told this story because he was already in prison and a member of the 5% and didn't want anyone to know that he had been involved in a crime with white boys." Pet. State Hab. Exh. 21, att. 4.

2. First, to clarify, Ballard made this statement on March 15, 2000, and he pled guilty on March 22, 2000. Thus, the first sentence of paragraph 41 is incorrect: the statement was made in contemplation of Ballard's guilty plea, as part of a debriefing, rather than *after* he plead guilty. Counsel for the respondent apologizes for this oversight, which the Court can rest assured was not in any way intentional. The first sentence should thus have read: "After he pled guilty, as part of a pre-sentencing debriefing, *Shortly before his guilty plea*, Ballard told police *in a debriefing* that he met Williams, Dick, Wilson and Tice in the parking lot."

3. Nevertheless, the petitioner is wrong in asking the Court to strike this *entire* paragraph. With the clarification noted above, the paragraph is correct. Indeed, it is based on an exhibit filed by the petitioner in state court. Pet. State Hab. Exh. 21, att. 4.[1] The timing of Ballard's statement is immaterial — it does not matter whether Ballard made this statement *before* pleading guilty or *in between* the guilty plea and sentencing. Either way, the petitioner will argue that Ballard made this statement to placate the police and the statement should be disregarded for that reason.

---

[1] At trial, Detective Peterson mistakenly recalled that Ballard had made this statement after he plead guilty. Tr. 01/29/03 at 43.

However, the entire statement dramatically undermines the petitioner's single-perpetrator theory. In his debriefing statement, Ballard said he threatened to "get" the other participants in the rape/murder if they ever implicated him in the crime. Pet. State Hab. Exh. 21, att. 4. Ballard's statement is consistent with the trial testimony of Joe Dick. Dick explained that he did not mention Ballard in his initial statements to the police because he feared Ballard. Tr. 01/28/03 at 64. Furthermore, in a statement to the police, Tice himself said he did not know the name of the other man involved and that this other man was at Williams' house when Tice arrived. Ford told Tice that he needed to tell the truth. Tice then said that "the seventh man was a muscular black man, about 5'9" to 5'10" ", a description that matched Omar Ballard's physique. Police asked Tice why he had not named this black male before. Tice answered that they were all scared of him and that no one wanted to tell on him because they didn't know what would happen. Resp. State Hab. Trial Exh. E. The petitioner made the statement about a black participant before the police obtained the letter from Omar Ballard, in early 1999, in which Ballard admitted that he killed the victim. Tr. 9/12/06 at 325-26, 333-34. *See also* PETITIONER'S MEMORANDUM IN OPPOSITION AND RESPONSE TO RESPONDENT'S MOTION TO DISMISS AND RULE 5 ANSWER, p. 44 ("it was Ballard's letter that finally led the police to him"). Therefore, while there are conflicting accounts of what occurred, the most logical explanation

for the evidence in its entirety is that the petitioner is guilty — as two juries found beyond a reasonable doubt in convicting the petitioner of the crime.

    4.    Because the petitioner does not contest that Ballard made this statement, and because it is not material whether Ballard made this statement (1) before his guilty plea, in contemplation of a guilty plea, or (2) whether he made the statement in between a guilty plea and sentencing, the motion to strike should be denied. To do otherwise would simply encourage parties to file countless motions to strike assertions made by the other side.

    5.    If the Court would deem it helpful, the respondent would certainly be willing to file an amended memorandum in support with a corrected sentence in paragraph 41, clarifying the time during which Ballard made this statement.

WHEREFORE, the respondent asks the court to DENY the PETITIONER'S MOTION TO STRIKE ADMITTED FALSE ALLEGATION OF MATERIAL FACT.

> Respectfully submitted,
>
> GENE M. JOHNSON, DIRECTOR,
> VIRGINIA DEP'T OF CORRECTIONS
>
> */s/ Stephen R. McCullough*
> STEPHEN R. MCCULLOUGH
> Deputy State Solicitor General
> Virginia Bar Number 41699
>
> Counsel for **Gene M. Johnson, Director, Virginia Dep't of Corrections**
>
> OFFICE OF THE ATTORNEY GENERAL
> 900 East Main Street
> Richmond, Virginia 23219
> Telephone: (804) 786-2436
> Facsimile: (804) 786-1991
> smccullough@oag.state.va.us

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2008, I will serve the foregoing RESPONSE TO PETITIONER'S MOTION TO STRIKE RESPONDENT'S ADMITTED FALSE ALLEGATION OF MATERIAL FACT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the petitioner as follows:

>Melissa Henke, Esquire
>Hogan & Hartson, LLP
>555 13th St NW
>Washington, DC 20004-1109
>202-637-5600
>Fax: 202-637-5910
>Email: mnhenke@hhlaw.com

>*/s/ Stephen R. McCullough*
>STEPHEN R. MCCULLOUGH
>Deputy State Solicitor General
>Virginia Bar Number 41699
>
>Counsel for **Gene M. Johnson, Director, Virginia Dep't of Corrections**
>
>OFFICE OF THE ATTORNEY GENERAL
>900 East Main Street
>Richmond, Virginia 23219
>Telephone: (804) 786-2436
>Facsimile: (804) 786-1991
>smccullough@oag.state.va.us