IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DEREK ELLIOT TICE,**

Petitioner,

v.  Civil Action No. 3:08CV69

**GENE JOHNSON,**

Respondent.

## MEMORANDUM OPINION

Derek Elliot Tice, a Virginia prisoner, brings this petition for a writ of habeas corpus challenging his convictions, in the Circuit Court for the City of Norfolk ("the Circuit Court"), for the murder and rape of Michelle Bosko. By Memorandum Opinion entered on September 14, 2009, the Court granted Tice's request for habeas relief with respect to his claim that he was denied the effective assistance of counsel by counsel's failure to move to suppress Tice's confession. Because Tice had been granted a conditional pardon by the Governor of Virginia prior to the issuance of the September 14, 2009 Memorandum Opinion, the Court directed the parties to submit further briefing with respect to the form of the Order granting Tice relief with respect to Claim One. Tice's motion for leave to file a reply (Docket No. 36) will be GRANTED and the Court will consider his reply.

### Analysis

The pertinent statute provides that a Court shall dispose of a petition for a writ of habeas relief "as law and justice require." 28 U.S.C. § 2243. "The typical relief granted in federal habeas corpus is a conditional order of release unless the State elects to retry the successful habeas petitioner . . . ." *Herrera v. Collins* 506 U.S. 390, 403 (1993). "District courts rightly

favor conditional grants, which provide states with an opportunity to cure their constitutional errors, out of a proper concern for comity among the co-equal sovereigns." *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006). The Court recognizes that, under certain extreme circumstances, it may preclude the Commonwealth of Virginia from retrying a successful habeas petitioner. *See e.g., Kane v. Virginia*, 419 F.2d 1369, 1373 (4th Cir. 1970) (precluding trial of petitioner who prevailed on a claim that his speedy trial rights were violated); *Morales v. Portuondo*, 165 F. Supp. 2d 601, 609 (S.D.N.Y. 2001). The violation that occurred here does not warrant the extreme remedy of precluding a retrial or any of the additional precautions and measures suggested by Tice in his submissions. *See Gentry*, 456 F.3d at 696-97 (describing the practical consequences of the grant of habeas relief). This Court has not concluded that Tice is actually innocent of the crimes of which he was found guilty. Tice has not persuaded any court that he was the victim of prosecutorial misconduct. Nor is the Court persuaded that any effort to retry Tice is suggestive of prosecutorial vindictiveness. Rather, it is simply reflective of the prosecution's attempt to bring to justice an individual who repeatedly confessed to participating in the murder and rape of Michelle Bosko. The typical habeas remedy of a conditional grant of habeas relief is all that justice requires in the instant case.

The writ of habeas corpus will be GRANTED if the Commonwealth of Virginia does not commence the retrial of Tice within 120 days of the date of entry of this judgment should appeal not be taken, or within 120 days after the final resolution of any appeal (including a petition for a writ of certiorari) if an appeal is taken.

An appropriate Order shall issue.

Dated: NOV 1 9 2009
Richmond, Virginia

/s/
Richard L. Williams
United States District Judge