IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DEREK ELLIOTT TICE,**

    Petitioner,

v.                                             Civil Action No. **3:08CV69**

**GENE M. JOHNSON,**

    Respondent.

MEMORANDUM OPINION

Derek Elliott Tice, a former Virginia prisoner, succeeded on his petition for a writ of habeas corpus challenging his convictions in the Circuit Court for the City of Norfolk ("the Circuit Court") for the murder and rape of Michelle Bosko. The matter is before the Court with respect to the appropriate relief to award to Tice.

### I.     PROCEDURAL HISTORY

By Memorandum Opinion and Order entered on November 19, 2009, the Court conditionally granted Tice's petition for a writ of habeas corpus. *Tice v. Johnson*, No. 3:08CV69, 2009 WL 4035905, at *1 (E.D. Va. Nov. 19, 2009). The Court stated:

> The writ of habeas corpus will be GRANTED if the Commonwealth of Virginia does not commence the retrial of Tice within 120 days of the date of entry of this judgment should appeal not be taken, or within 120 days after the final resolution of any appeal (including a petition for a writ of certiorari) if an appeal is taken.

*Id.*

On May 12, 2011, the United States Court of Appeals for the Fourth Circuit issued its mandate wherein it denied Respondent's appeal. On August 11, 2011, the Circuit Court granted the motion of the Commonwealth of Virginia to *nolle prosequi* the murder and rape charges

against Tice and ordered that Tice's prior convictions for such crimes were null and void. (*See* Docket No. 59.) By Memorandum Order entered on September 8, 2011, the Court directed Tice to inform the Court whether he anticipated the need for any further action from the Court.

Tice responded that the Court should issue the writ and further direct that all records of his "[(1)] arrest, [(2)] convictions, and [(3)] all consequences of his convictions [should] be removed from any federal or state records." (Pet'r's Resp. to Sept. 8, 2011 Order 2.) Respondent responded to Tice's request for relief. While Respondent does not protest the Court's granting of the writ, he asserts, "This Court should not address the issue of expungement in this matter, but should leave [it] for the state court, in compliance with Virginia Code § 19.2-392.2, to entertain a petition for expungement." (Resp't's Resp. Pet'r's Request ("Resp't's Resp.") ¶ 7.) Tice has replied. The matter is ripe for disposition.

## II. ANALYSIS

The Court previously granted Tice a conditional writ of habeas corpus pending a new trial. Because the Commonwealth of Virginia has not retried Tice within the time frame set in the Memorandum Opinion and Order entered on November 19, 2009, Respondent does not dispute that Tice is entitled to an order issuing a writ of habeas corpus. (Resp't's Resp. 1–3.) Nevertheless, it is unnecessary to declare Tice's conviction null and void because the Circuit Court already has taken that action. *See, e.g., Gentry v. Deuth*, 456 F.3d 687, 692, 697 (6th Cir. 2006) (nullifying petitioner's state court convictions after the state failed to undertake that action). The parties, however, dispute whether Tice's award of habeas relief should include expungement of the record of his arrest and conviction.

The pertinent statute provides that a Court shall dispose of a petition for a writ of habeas relief "as law and justice require." 28 U.S.C. § 2243. A number of courts, including the Fourth Circuit, have indicated that, in the appropriate case, a federal habeas court has the authority to order the expungement of the successfully challenged conviction from the habeas petitioner's record. *See Satterlee v. Wolfenbarger*, 453 F.3d 362, 370 (6th Cir. 2006) (*citing A.M. v. Butler*, 360 F.3d 787, 802 (7th Cir. 2004); *United States v. Sumner*, 226 F.3d 1005, 1012 (9th Cir. 2000); *United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993); *White v. White*, 925 F.2d 287, 292 (9th Cir. 1991); *Mizell v. Att'y Gen.*, 586 F.2d 942, 948 (2d Cir. 1978); *Woodall v. Pettibone*, 465 F.2d 49, 53 (4th Cir. 1972)). Nevertheless, the question remains whether expungement is an appropriate remedy at this juncture. *See Gall v. Scroggy*, 603 F.3d 346, 356 (6th Cir. 2010) ("Although the federal courts certainly have the *authority* to order a state to take th[e] ministerial step [of expungement], we do not see it as being the federal courts' *responsibility* to do so.").

"Expunction is an equitable remedy to be granted in the balancing of the interests of the defendants and the state, and we think that the only fair way to determine whether expunction is required is on a case-by-case method when the issue is raised by one affected by such a conviction." *Woodall*, 465 F.2d at 52 (internal citation omitted). Generally, it is safe for a successful habeas petitioner "to assume that the best place to seek to have his state conviction expunged [is] the court of the state where he had been convicted." *Gall*, 603 F.3d at 356. Here, Virginia provides a statutory mechanism for the expungement of police and court records. *See*

3

Va. Code Ann. § 19.2-392.2 (West 2011).[1] Thus, Tice should first seek to avail himself of Virginia's expungement remedy. *See Hearn v. Hudson*, 549 F. Supp. 949, 958 (W.D. Va. 1982) (declining to address plaintiff's request for expungement where plaintiff had not pursued a request for relief under section 19.2-392 of the Virginia Code).

Tice insists, "There is simply no reason to require [him] to jump through this unnecessary procedural hoop, which could take months if not longer to resolve, when [he] has demonstrated to this Court and the Fourth Circuit his entitlement to the relief sought." (Pet'r's Reply 3.) Contrary to Tice's assertion, an order "directing that his *arrest*, conviction, and all consequences of his convictions . . . be removed from any federal or state records" (*id.* (emphasis added)) is not his due simply because he has obtained a writ of habeas corpus. *See Herrera v. Collins*, 506 U.S. 390, 403 (1993) ("The typical relief granted in federal habeas corpus is a conditional order of release unless the State elects to retry the successful habeas petitioner . . . ."). Invalidation of a conviction itself does not guarantee that expungement is appropriate. As a "general rule," a litigant seeking expungement of a non-juvenile arrest record must demonstrate that "serious governmental misbehavior leading to the arrest, or unusually substantial harm to the defendant not in any way attributable to him, outweighs the government's need for a record of the arrest."

---

[1] The statute provides, in pertinent part:

> If a person is charged with the commission of a crime or any offense defined in Title 18.2, and
> 1. Is acquitted, or
> 2. A nolle prosequi is taken or the charge is otherwise dismissed, including dismissal by accord and satisfaction pursuant to § 19.2-151, he may file a petition setting forth the relevant facts and requesting expungement of the police records and the court records relating to the charge.

Va. Code Ann. § 19.2-392.2(A) (West 2011).

*Doe v. Webster*, 606 F.2d 1226, 1231 (D.C. Cir. 1979) (citing cases); *see, e.g., United States v. Van Wagner*, 746 F. Supp. 619, 623 (E.D. Va. 1990) (Ellis, J.) (granting expungement where government conceded petitioner was innocent and petitioner demonstrated he was suffering severe consequences from his arrest record).[2] Tice has not explained why he satisfies the above standard.[3] Accordingly, Tice's request for an order directing the expungement of any record of his arrest, conviction, or the consequences of his convictions will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
John A. Gibney, Jr.
United States District Judge

Date: December 20, 2011
Richmond, Virginia

---

[2] Virginia law provides,

> If the court finds that the continued existence and possible dissemination of information relating to the arrest of the petitioner causes or may cause circumstances which constitute a manifest injustice to the petitioner, it shall enter an order requiring the expungement of the police and court records, including electronic records, relating to the charge.

Va. Code Ann. 19.2-392.2(F) (West 2011).

[3] Here, the Court granted relief to Tice with respect to his claim that he had been denied effective assistance of counsel by counsel's failure to move to suppress Tice's confession. *See Tice v. Johnson*, No. 3:08CV69, 2009 WL 2947380, at *22–23 (E.D. Va. Sept. 14, 2009). The Court did not inquire into the lawfulness of Tice's initial arrest. By the time Tice provided the confession, he already had been arrested. *Id.* at *2.